IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**DOROTHY M. WEBER, and**
**BIG THUNDER, INCORPORATED,**

Third-Party Plaintiffs-Appellants,

v.                                                                      NO. 28,806

**BANK OF NICHOLS HILLS,**

Third-Party Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF TAOS COUNTY**
**John M. Paternoster, District Judge**

Graham Law Firm
David Graham
Esmeralda Graham
Taos, NM

for Appellants

Butt Thornton & Baehr PC
Emily A. Franke
Rodney L. Schlagel
Albuquerque, NM

for Appellee

**MEMORANDUM OPINION**

**CASTILLO, Judge.**

The sole issue raised on appeal is whether the trial court erred in denying the

motion filed by Dorothy M. Weber and Big Thunder, Incorporated (Appellants) to amend their complaint and add a claim for violation of the statute requiring the Bank of Nichols Hills (Bank) to release the mortgage in Appellants' name. This Court's first notice proposed summary affirmance. Appellants filed a memorandum in opposition, and the Bank filed a memorandum in support of the proposed disposition. We are not persuaded by Appellants' arguments and affirm the district court.

We proposed to hold that this Court's affirmance of the procedure allowing E. Wayne Keller (Keller) to assign the note to R-T Lodge Company, L.L.C. (R-T Lodge) and enforce the note against Appellants renders any subsequent claim that the mortgage should have been released futile. Appellants continue to assert that if the Bank had properly released the mortgage in its name, R-T Lodge would not have been able to enforce the note against them by seeking subrogation. Appellants sought damages against the Bank for its failure to release the note. We conclude that there are no issues of material fact to support an award of damages for the Bank's alleged failure and, therefore, allowing Appellants to amend their complaint would have been futile. *See Ruegsegger v. Bd. of Regents,* 2007-NMCA-030, ¶ 37, 141 N.M. 306, 154 P.3d 681 (stating that where futility of a motion to amend is apparent on its face, denial of the motion is proper).

The corporate note was in default and, as personal guarantor, Keller was

obligated to pay it. *R-T Lodge Co. v. Weber and Big Thunder, Inc.*, No. 24,942, slip op. at 11 (N.M. Ct. App. Feb. 22, 2006). **[RP v.9, 1839]** When Keller paid the note, the Bank agreed to assign it to R-T Lodge. *Id.* at 4. **[RP v.9, 1832]** R-T Lodge then brought a complaint to collect on the corporate note and foreclose on the mortgage. *Id.* **[RP v.9, 1839]** This Court determined in a prior appeal that "Keller made the payment on his own behalf as guarantor, not on behalf of Big Thunder" and, therefore, the payment of the corporate note did not extinguish Big Thunder's debt. *Id.* at 8. **[RP v.9, 1838]** This Court further determined that as guarantor of the corporate note, "Keller was entitled to subrogation after he paid the corporate note." *Id.* at 9. **[RP v.9, 1838]**

Consequently, it does not appear that the Bank could have properly released the mortgage in Appellants' name. Regardless of any such claim, Keller was entitled to his claim for subrogation. Thus, Appellants' contention that if the Bank had released the note in its name, Keller's claim for subrogation would not have been possible is unfounded. We conclude that Appellants did not, and could not, raise issues of material fact warranting a claim for damages against the Bank. Therefore, the district court did not abuse its discretion in denying the motion to amend the complaint. *See Ruegsegger,* 2007-NMCA-030, ¶ 12 (describing the standard of review).

For these reasons, and those stated in the first notice of proposed disposition,

we affirm the district court.

**IT IS SO ORDERED.**

_____
**CELIA FOY CASTILLO, Judge**

**WE CONCUR:**

_____
**JAMES J. WECHSLER, Judge**

_____
**ROBERT E. ROBLES, Judge**